## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

——————————————————x
|  |  |
|---|---|
| | : Civil Action No. |
| TYLER BAKER, on behalf of himself and others similarly situated, | : |
| | : **CLASS ACTION COMPLAINT** |
| | : |
| Plaintiff, | : Jury Trial Demanded |
| | : |
| v. | : |
| | : |
| ABBVIE INC., | : |
| | : |
| Defendant. | : |
——————————————————x

### Nature of the Action

1.      Tyler Baker ("Plaintiff") brings this class action lawsuit against AbbVie Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations.

2.      Upon information and good faith belief, Defendant routinely and systematically violated 47 C.F.R. pt. 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

### Parties

3.      Plaintiff is a natural person who at all relevant times resided in Underhill, Vermont.

4.      Defendant is incorporated under the laws of Delaware but maintains its corporate headquarters in North Chicago, Illinois.

1

5.      Defendant is a global biopharmaceutical company that acquired Allergan plc ("Allergan") in May 2020.[1]

6.      Through the Allergan acquisition, Defendant acquired Allergan's portfolio of therapeutics, including "RESTASIS" branded eye drops for treatment of Chronic Dry Eye.[2]

**Jurisdiction and Venue**

7.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

8.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant maintains its corporate headquarters in this district.

**Factual Allegations**

9.      Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(802)-XXX-2723.

10.      Plaintiff uses, and at all times relevant to this action used, his cellular telephone as his personal residential telephone number.

11.      In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

12.      Plaintiff registered his cellular telephone number with the DNC Registry on or about November 4, 2004.

---

[1]      https://news.abbvie.com/news/press-releases/abbvie-completes-transformative-acquisition-allergan.htm (last visited Dec. 29, 2020).

[2]      https://www.restasis.com/ (last visited Dec. 29, 2020).

13.    On November 22, 2020, Plaintiff received the following four text messages on his cellular telephone from short code 72428:



14.    The next day, on November 23, 2020, Plaintiff received a similar text message from short code 72428:



15.    Before texting "Stop" to remove himself from Defendant's marketing list, Plaintiff received at least five text messages in all.

16.    All of Defendant's text messages to Plaintiff advertised savings on RESTASIS (Cyclosporine Opthalmic Emulsion), one of Defendant's eye care products.

17.    Several of Defendant's text messages include a hyperlink that redirects to https://www.restasis.com/getting-started, which further advertises Defendant's RESTASIS eye care product.

18.    The 72428 short code is a dedicated, vanity short code, registered to "Restasis Alerts" since March 2, 2017.[3]

---

[3]    *See* https://usshortcodedirectory.com/search/?shortcode-number=72428 (last visited Dec. 29, 2020).

19.    "A short code is a number with fewer digits than a phone number to which a text message can be sent. The five-or six-digit numbers are often promoted in traditional and digital advertising. Companies use these codes to bring customers into the branded experience through voting, surveys, sweepstakes, coupon offers, information updates, loyalty programs and alerts."[4]

20.    "A dedicated short code is an SMS short code that is used and paid for exclusively by one brand. A dedicated short code is different from a shared short code, because a shared short code is used and paid for by multiple brands."[5]

21.    "A vanity short code, is a 5-6 digit phone number that is specifically selected by a brand, rather than selected at random by the Common Short Code Administration (CSCA)."[6]

22.    Plaintiff did not give Defendant prior express consent to send text messages to his cellular telephone number.

23.    Plaintiff did not give Defendant prior express written consent to send text messages to his cellular telephone number.

24.    Upon information and good faith belief, and in light of the nature and character of the text messages at issue—standardized, impersonal, and consistent in structure and format—the advertisement and marketing text messages at issue were sent by Defendant using an automatic telephone dialing system.

25.    The text messages at issue were sent for non-emergency purposes.

---

[4]    https://usshortcodes.com/faqs (last visited Dec. 29, 2020).

[5]    https://usshortcodedirectory.com/faq/what-is-a-dedicated-short-code/ (last visited Dec. 29, 2020).

[6]    https://usshortcodedirectory.com/faq/what-is-a-vanity-short-code/ (last visited Dec. 29, 2020).

26.     Upon information and good faith belief, the text messages at issue were sent voluntarily.

27.     The purpose of the text messages at issue was to advertise and to market Defendant's business and products.

28.     Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

29.     Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

30.     Upon information and good faith belief, Defendant sends advertising or marketing text messages, absent prior express consent or prior express written consent, to telephone numbers on the DNC Registry.

31.     Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

**Class Action Allegations**

32.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom AbbVie Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting AbbVie Inc.'s goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before AbbVie Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) from four years prior to the filing of this complaint through the date of class certification.

33.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which

Defendant has or had a controlling interest, and any member of the class(es) certified in *Weisbein v. Allergan, Inc.*, No. 8:20-cv-00801-FMO-ADS (C.D. Cal.).

34. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

35. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

36. The class is ascertainable because it is defined by reference to objective criteria.

37. In addition, the members of the proposed class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

38. Plaintiff's claims are typical of the claims of the members of the class.

39. To be sure, as it did for all members of the class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his telephone number with the DNC Registry.

40. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

41. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

42. Plaintiff suffered the same injuries as the members of the class.

43. Plaintiff will fairly and adequately protect the interests of the members of the class.

44. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

45. Plaintiff will vigorously pursue the claims of the members of the class.

46.     Plaintiff has retained counsel experienced and competent in class action litigation.

47.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

48.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

49.     Among the issues of law and fact common to the class:

   a.   Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b.   Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c.   Defendant's violations of the TCPA; and

   d.   the availability of statutory penalties.

50.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51.     If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

52.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

53.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

55.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

56.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

57.    There will be no extraordinary difficulty in the management of this action as a class action.

58.    Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I: Violations of 47 U.S.C. § 227(c)(5)

59.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 58.

60.    A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

61.    The TCPA's implementing regulation, 47 C.F.R. pt. 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62.     Part 64.1200(e) provides that parts 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

63.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64.     Defendant violated 47 C.F.R. pt. 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing, maintained by the federal government, of persons who do not wish to receive telephone solicitations.

65.     Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. pt. 64.1200.

66.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. pt. 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays for relief and judgment as follows:

A. Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating Plaintiff's counsel as class counsel;

B.  Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

C.  Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

D.  Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

E.  Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

F.  Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

G.  Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  January 5, 2021                    Respectfully submitted,

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, TX 78701
Tel: (512) 322-3912
aradbil@gdrlawfirm.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

*to seek admission *pro hac vice*